IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) | Case No. 20 C 6177 |
| ) v. ) ) | Judge Robert W. Gettleman |
| U.S. VENTURE, INC., EXXONMOBILE OIL CORP., PEACOCK OIL COMPANY, INC., PEACOCK CAR WASH COMPANY, DALILA RADZIWONSKI, ZBIGNIEW DREWNIAK, ) ) ) ) ) ) | |
| Defendants. ) ) | |
| U.S. VENTURE, INC., EXXONMOBIL OIL CORP., PEACOCK OIL COMPANY, and PEACOCK CAR WASH COMPANY, ) ) ) ) | |
| Counter-Plaintiffs/Third-Party Plaintiffs, ) ) | |
| v. ) ) | |
| COVINGTON SPECIATY INSURANCE COMPANY, ) ) ) | |
| Counter-Defendant, and ) ) ) | |
| B&R GASOLINE, INC., ) ) | |
| Third-Party Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Covington Specialty Insurance Company filed a declaratory judgment action against defendants U.S. Venture, Inc., Exxonmobil Oil Corporation, Peacock Oil Company, Inc., Peacock Car Wash Company, (together the "Venture defendants"), Dalila Radziwonski, and Zbigniew Drewniak, seeking a declaration that it owes no duty to defend or indemnify the

Venture defendants in two underlying personal injury lawsuits filed in state court by Radziwonski and Drewniak against plaintiff's insured, B & R Gasoline, Inc. The Venture defendants brought a counterclaim against plaintiff, seeking a declaration that they are owed such duties under the terms of the policies in question. The Venture defendants have also brought a third-party complaint against B & R seeking a declaration that B & R is contractually obligated to defend and indemnify them. Plaintiff moved to dismiss the counterclaim for lack of ripeness and or failure to state a claim, and to strike the third-party complaint. While that motion was being briefed, B & R also moved to dismiss the third-party complaint. For the reasons stated below, the motions are granted in part and denied in part.

## BACKGROUND

B&R operated a car wash, gas station, and a convenience store in Franklin Park, Illinois. B&R subleased the property from JSCO Real Estate (JSCO) in 2008, according to the terms of a sublease agreement. The sublease agreement obligated B&R to name the lessor as a named party on all insurance policies. JSCO, in turn, leased the property from Peacock Oil and its parent entity, Peacock Car Wash, according to the terms of a master lease. Both lease agreements include provisions for the lessee to "indemnify, defend and hold [the lessor] harmless against and from all liabilities . . . ." The Venture defendants allege that the terms of the sublease agreement were subject to the terms of the master lease, thus rendering B&R obligated to the Peacock entities.

In 2008, B&R signed a motor fuel agreement with Exxonmobil, whereby B&R agreed to carry general liability insurance and name Exxonmobil and the lessor as additional insureds. That agreement was later assigned to U.S. Venture as part of an asset purchase agreement. JSCO

2

assigned its lease in 2013 to U.S. Venture, upon which U.S. Venture assumed the rights and obligations under the master lease, sublease agreement, and motor fuel agreement. Thus, U.S. Venture is the effective lessor to B&R.

Plaintiff insured B&R's commercial activity under two general liability policies. The first policy provided coverage from December 18, 2016 to December 18, 2017, and the second policy provided coverage from December 18, 2017 to December 18, 2018. With respect to the provisions pertinent to this dispute, the policies are identical. Each contains a provision that provides that if certain conditions are met, plaintiff will insure any indemnity of B & R if the "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract."

In 2017 and 2018, two patrons—Dalila Radziwonski and Zbigniew Drewniak—injured themselves on B&R's property. They filed separate suits in Illinois state court seeking relief from B&R and the Venture defendants.[1] In the Radziwonski suit, U.S. Venture and Peacock Oil filed a crossclaim against B&R seeking contractual indemnification pursuant to B&R's lease and asset purchase agreement. (The Venture defendants assert that they will file similar claims in the Drewniak suit.) Thereafter, U.S. Venture, on behalf of itself and the remaining Venture defendants, tendered the claims to both Covington and B & R, requesting that they provide a defense and indemnification in both tort suits pursuant to the coverage of the insurance policies and the obligations under the leases and motor fuel agreement. Plaintiff and B&R each refused to provide the requested coverage.

In response to the underlying tort suits against plaintiff's insured, plaintiff brought the

---

1 Exxonmobil has been voluntarily dismissed from both lawsuits.

3

instant action seeking a declaration that the Venture defendants are not covered by the B&R insurance policies. Plaintiff contends that the Venture defendants are not insured within the meaning of the policies because they are neither named parties nor "additional insured" parties, and that the lease agreements do not qualify as "insured contracts" under the provisions of the policies.

The Venture defendants then filed a counterclaim for a declaration that plaintiff owes them a duty to defend and indemnify under the insurance policies under multiple theories, all of which stem from the alleged contractual liability between the Venture defendants and B&R. The Venture defendants argue that: U.S. Venture is an additional insured under the 2018 policy and should have been added for both years; the lease and asset-purchase agreements with B&R are covered as "insured contract[s]"; and the Venture defendants are nonetheless covered as B&R's indemnitees under the policies' supplementary provisions. The Venture defendants also brought a third-party complaint against B & R, seeking indemnity and defense directly from B&R according to the terms of the leases and asset-purchase agreement.

## DISCUSSION

## MOTION TO DISMISS THE COUNTERCLAIM

Plaintiff first argues that the claims should be dismissed because they are unripe. The Declaratory Judgment Act provides the court with discretion, in any "case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Whether relief under the Act is appropriate depends on whether the court has subject matter jurisdiction. <u>Molex Inc. v. Wyler</u>, 334 F. Supp. 2d 1083, 1086 (N.D. Ill. 2004). Plaintiff argues that defendants' counterclaim is not ripe for

adjudication because its coverage obligations can be assessed only after a determination of the insured's contractual liability in the underlying state proceedings. The court disagrees.

"[R]ipeness, when it implicates the possibility of a court issuing an advisory opinion, 'is a question of subject matter jurisdiction under the case-or-controversy requirement.'" Scottsdale Ins. Co. v. Chicago Scaffolding, Inc., 2015 WL 4751136, at *3 (N.D. Ill. 2015) (quoting Flying J Inc. v. City of New Haven, 549 F.3d 538, 544 (7th Cir. 2008)). Whether this court has subject matter jurisdiction "turns on whether 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Chicago Scaffolding, 2015 WL 4751136, at *4 (quoting Alcan Aluminium Ltd. v. Dep't of Revenue of State of Or., 724 F.2d 1294, 1298 (7th Cir. 1984)).

It is clear that a substantial controversy exists between the parties. Plaintiff contests that the Venture defendants are not covered by its insurance policies, and the Venture defendants argue otherwise. In sum, both parties dispute whether plaintiff owes a duty to defend and indemnify the Venture defendants in the underlying personal injury actions. Thus, the parties have adverse legal interests. Whether the duty to defend and indemnify is sufficiently immediate will be addressed separately below. See Molex, 334 F. Supp. 2d at 1086.

**Duty to Defend**

With respect to an insurer, its "duty to defend is broader than its duty to [indemnify]." Chicago Scaffolding, 2015 WL 4751136, at *4. Although an obligation to "indemnify takes effect only after liability has been determined, and may or may not cover the costs of litigation," an obligation "to defend requires the obligor to cover the costs of litigation once an action is filed, and regardless of the obligee's ultimate liability." Sentinel Ins. Co., Ltd. v. Yorktown

5

Indus., Inc., 2015 WL 3896910, at *2 (N.D. Ill. 2015) (quoting C & K NuCo, LLC v. Expedited Freightways, LLC, 2014 WL 4913446, at *7 (N.D. Ill. 2014)).

In terms of ripeness, "the general rule is that an actual controversy exists where an insured alleges that its insurer has a duty to defend him against potential liability in an underlying action." Id. (quoting Molex, 334 F. Supp. 2d at 1086). Therefore, claims "are ripe during the pendency of the underlying litigation." Id.

In the instant case, the duty to defend issue is ripe for adjudication. The Venture defendants are currently subject to two underlying suits that relate to plaintiff's insurance coverage, and they allege that the insurer is obligated to provide them a defense. Plaintiff argues that its obligation to the Venture defendants, if any, cannot be determined until the state court decides the contractual obligation of plaintiff's insured, B&R. But that is precisely what plaintiff asks this court to do in its complaint.

It is well-established that a duty of defense can be decided independently of the outcome of an underlying case. Molex, 334 F. Supp. 2d at 1086 ("Because the duty to defend question usually does not depend on the outcome of the underlying action, there is no barrier to resolving that question before the underlying litigation is resolved." (citing Nationwide Ins. v. Zavalis, 52 F.3d 689, 695 (7th Cir. 1995)). Plaintiff has alleged that it owes no duty to defend to the Venture defendants because the lease agreements do not qualify as "insured contracts" under the policies. The Venture defendants allege just the opposite—that the various lease agreements qualify as "insured contracts" requiring plaintiff to defend them. This court can decide the issue without waiting for resolution of the underlying cases. Thus, the duty to defend claims are ripe for resolution.

6

**Duty to Indemnify**

Plaintiff cites well-established Illinois and Seventh Circuit precedent that indemnification disputes are unripe if the underlying liability has not been determined. The Seventh Circuit follows a general rule "that decisions about indemnity should be postponed until the underlying liability has been established." Lear Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583 (7th Cir. 2003); see also Med. Assur. Co. v. Hellman, 610 F.3d 371, 375 (7th Cir. 2010) (affirming general rule). Illinois courts have similarly held that a duty to indemnify is more limited than a duty to defend, and thus, it "is only ripe for consideration if the insured has already incurred liability in the underlying claim against it." Outboard Marine Corp. v. Liberty Mut. Ins. Co., 154 Ill. 2d 90, 127 (1992); Wesco Ins. Co. v. Regas, 2015 WL 500702, at *5 (N.D. Ill. 2015).

In the instant case, the liability of the Venture defendants in the underlying state court actions has not been established. As a result, any effort at this juncture to determine indemnification would be premature. The decision in Chicago Scaffolding, 2015 WL 4751136, is strikingly similar to the instant case. In Chicago Scaffolding, the plaintiff-insurer sought a declaration that it neither owed a duty of indemnity to its insured nor a duty to indemnity or defend its insured's business vendor. Id. at *1. While the court dismissed both indemnity claims for lack of ripeness—holding that the liability in the underlying tort suit had yet to be determined—it adjudicated the defense claim, finding the plaintiff obligated to defend the business vendor as an "additional insured." Id. at *4–8. As in Chicago Scaffolding, the court finds in the instant case that the defense issue is ripe for adjudication, but that the claims for indemnity are not. Consequently, the Venture defendants' counterclaim, to the extent it seeks a

7

duty to indemnify, is not ripe and is dismissed without prejudice.

**MOTION TO STRIKE THIRD-PARTY COMPLAINT**

Next, plaintiff contests the third-party complaint against B&R (as third-party defendant) on grounds of abstention. The court need not reach this issue because B&R is improperly joined. Rule 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). "The 'distinguishing characteristic of a claim brought under Rule 14(a) is that the defendant is attempting to transfer to the third-party defendant the liability asserted against the defendant by the other original plaintiff.'" USA Satellite & Cable, Inc. v. Mac Naughton, 2016 WL 3181704, at *1 (N.D. Ill. 2016) (quoting La. Firefighters' Ret. Sys. v. N. Tr. Invs., N.A., 2012 WL 601861 (N.D. Ill. 2012)). Thus, claims cannot be joined under Rule 14(a) if the third-party plaintiff is not at risk of liability to the plaintiff.

A proper third-party action by the Venture defendants against B & R would allege that if the Venture defendants lose the original declaratory judgment suit, then B&R is responsible for all or part of Venture defendants' liability to plaintiff. This is not, however, what the Venture defendants allege. Instead, they seek a declaration that B&R is obligated under various contracts to provide the Venture defendants a duty of indemnification and representation in the underlying state suits regardless of whether plaintiff owes them a defense. This relief may be related to the instant complaint, but it is not derivative of the original declaratory action. See 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1442 (3d ed.) ("[I]mpleader . . . cannot be used as a way of combining all controversies having a common relationship in one action.").

Plaintiff initiated the original suit seeking a declaration—as well as to put the parties on notice—that it has no obligation to the Venture defendants under the insurance policies. Consequently, the Venture defendants are only at risk of a determination that they are not covered by the insurance policies. In fact, the Venture defendants do not face any risk of liability to plaintiff. Even though plaintiff's insurance policies were issued to B&R, "[t]he fact that the third-party claims arose out of the same transaction or set of facts is irrelevant, since impleader cannot be used 'as a way of combining all controversies having a common relationship.'" Forum Ins. Co. v. Ranger Ins. Co., 711 F. Supp. 909, 915 (N.D. Ill. 1989) (quoting 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1442 (3d ed.)). Thus, the court dismisses the third-party complaint for improper joinder, rendering moot B&R's motion to dismiss.

## CONCLUSION

For the reasons described above, plaintiff's motion to dismiss and strike [Doc. 32] is granted as to the counterclaim for a declaration of indemnity, and denied in all other respects. The third-party complaint is dismissed without prejudice for improper joinder. B & R's motion to dismiss the third-party complaint [Doc. 50] is stricken as moot. Plaintiff is directed to answer the counterclaim consistent with this opinion on or before May 13, 2021. The parties are directed to file a joint status report using this court's form on or before May 20, 2021.

ENTER:

**Robert W. Gettleman**
**United States District Judge**

**Dated: April 15, 2021**